# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Perez,<br><br>        Plaintiff,<br><br>v.<br><br>Manuel Soto Escalante,<br><br>        Defendant. | No. CV-17-01574-PHX-DKD<br><br>**ORDER** |

Pending before the Court is Magistrate Judge David K. Duncan's Report and Recommendation recommending that Plaintiff's Motion for Default Judgment (Doc. 16) be granted. (Doc. 20.)

After considering the Report and Recommendation, the Court declines to accept the Magistrate Judge's recommendation.

**I.  STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings and waives all objections to those factual findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A

failure to object to a Magistrate Judge's legal conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

## II. DISCUSSION

Having reviewed Magistrate Judge Duncan's Report and Recommendation, the Court hereby declines to accept the Magistrate Judge's Report and Recommendation on the following basis.

When a defendant fails to respond to a complaint, the Court presumes that all well-pleaded factual allegations supporting liability are true, DIRECTTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007), but does not presume that all factual allegations regarding the amount of damages that the plaintiff actually suffered are true, Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Indeed, the Court must ensure that the amount of damages the plaintiff claims is reasonable and supported by the evidence. See Geddes, 559 F.2d at 560 (citing Federal Rules of Civil Procedure Rules 8 and 55).

The Court declines to enter default judgment against Defendant because Plaintiff has not properly substantiated her averred $47,430.00 in damages. In her complaint, Plaintiff alleges that she was hired by Defendant on April 17, 2015, terminated on March 10, 2017, and that over the course of this period of time she worked 60 hours every week at a rate of $8.50 per hour. (Doc. 1 at ¶¶ 27, 29, 47, 53.) The motion for default judgment cites the complaint in support of the amount of damages. (Doc. 16 at 1-2.) Other than the allegations in the complaint, there is nothing to substantiate Plaintiff's employment, amount of time worked per week, or compensation rate. In sum, there is nothing to substantiate Plaintiff's averred $47,430.00 in damages.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** rejecting the Report and Recommendation of Magistrate Judge David K. Duncan. (Doc. 20.)

**IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion for

Default Judgment. (Doc. 16.) Plaintiff shall have until **Friday, May 25, 2018** to file a new motion for default judgment consistent with this order.

**IT IS FURTHER ORDERED** referring this matter back to Magistrate Judge Duncan for further proceedings consistent with this Order.

Dated this 11th day of May, 2018.

Honorable Stephen M. McNamee
Senior United States District Judge